IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DI CHAO GUO, A 070 887 589, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0446-O |
| | § | |
| | § | |
| SENIOR WARDEN ARTHUR ANDERSON, | § | |
| et al., | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On March 2, 2010, Petitioner Di Chao Guo filed a *pro se* petition for writ of habeas corpus seeking release from custody pending his removal. At the time of filing the petition, Petitioner was a detainee of Immigration and Customs Enforcement (ICE) subject to a final order of removal. On March 5, 2010, ICE released Petitioner under an order of supervision. (*See* Respondents' motion to dismiss at Exh. A). His whereabouts are presently unknown. On April 7, 2010, Respondents filed a motion to dismiss the petition as moot.[1]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the

---

[1] Respondents mailed a copy of the motion to dismiss to Petitioner at the Rolling Plains Detention Center, his last known address.

parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his conviction, but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  *Lane v. Williams,* 455 U.S. 624, 631 (1982).  "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot."  *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988).

      The only ground for habeas relief sought in this action was release from custody pending removal.  Since ICE released Petitioner on March 5, 2010, his request for habeas relief is now moot and the court lacks jurisdiction to consider his petition further.

RECOMMENDATION:

      For the foregoing reasons, it is recommended that Respondents' motion to dismiss (Doc. #5) be GRANTED, and that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction, the same being moot.

      Signed this 13th day of April, 2010.

                                                      */s/ Wm. F. Sanderson, Jr.*
                                                    WM. F. SANDERSON, JR.
                                                    UNITED STATES MAGISTRATE JUDGE

NOTICE

      A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.